**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**ROYCE MATHEW,**

                    **Plaintiff,**              **13 Civ. 3930 (JGK)**

        **- against -**              **MEMORANDUM OPINION AND**
                                                    **ORDER**

**THE WALT DISNEY COMPANY, ET AL.,**

                    **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

    The plaintiff moves for reconsideration of this Court's
ruling from the bench on March 14, 2014 and of this Court's
Order dated March 17, 2014 (collectively, the "Transfer Order"),
granting the defendants' motion to transfer this case to the
United States District Court for the Central District of
California, a forum specified in a mandatory forum selection
clause in a Release between the parties.  The transfer was based
on 28 U.S.C. § 1404(a).  The Court also denied the defendants'
motion to dismiss under Federal Rule of Civil Procedure
12(b)(3), and denied without prejudice as moot the defendants'
motions to dismiss pursuant to Federal Rules of Civil Procedure
12(b)(1), 12(b)(2), and 12(b)(6).


                    **I.**

    "The decision to grant or deny a motion for reconsideration
rests within the sound discretion of the district court."

<u>Vincent v. Money Store</u>, No. 03 Civ. 2876, 2011 WL 5977812, at *1
(S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks
omitted).  The moving party is required to demonstrate that the
Court overlooked the controlling decisions or factual matters
that were put before the Court in the underlying motion.  <u>See</u>
<u>Walsh v. McGee</u>, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); <u>In re</u>
<u>Houbigant</u>, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  This rule is
"narrowly construed and strictly applied so as to avoid
repetitive arguments on issues that have been considered fully
by the Court."  <u>Walsh</u>, 918 F. Supp. at 110; <u>see also Ackerman v.</u>
<u>Ackerman</u>, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013).


## II.

     The plaintiff has failed to show that there were any issues
of fact or law that the Court overlooked.  While the plaintiff
disagrees with the Court's decision, that is not a basis for
reconsideration.  <u>See, e.g.</u>, <u>R.F.M.A.S., Inc. v. Mimi So</u>, 640 F.
Supp. 2d 506, 512 (S.D.N.Y. 2009).

     Moreover, nothing in the motion for reconsideration
suggests that the Court's decision was incorrect.  The plaintiff
primarily relies on the decisions of the Second Circuit Court of
Appeals in <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378 (2d Cir.
2007), and <u>New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG</u>,
121 F.3d 24 (2d Cir. 1997).

Neither decision suggests that the decision to transfer was erroneous in any way. In New Moon Shipping, the Court of Appeals held that an evidentiary hearing was proper in a situation in which the parties disputed whether the contract included a forum selection clause at all. 121 F.3d at 30. The forum selection clause specified Augsburg, Germany as the forum, and the district court dismissed the action. Id. at 27-28. The case did not present the issue of the scope of a forum selection clause, which is a question in this case. Moreover, the court in New Moon Shipping addressed a motion to dismiss, not a motion to transfer under § 1404(a). Id. at 26. District courts have broad discretion generally in adjudicating § 1404(a) motions. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted).

Similarly, Phillips does not suggest that this Court erred in any way. In Phillips, the district court had dismissed copyright claims and state law claims for breach of contract, unjust enrichment, and unfair competition brought by a recording artist against music companies. 494 F.3d at 382-83. The dismissal was based on a provision in a recording contract that provided that "any legal proceedings that may arise out of [the recording contract] are to be brought in England." Id. at 382. The Court of Appeals held that the breach of contract claim was properly dismissed but the copyright claims and other state law

claims did not "arise out of" the recording contract because
they did not "originate from" the recording contract.  Id. at
390-92.

The current case is fundamentally different from Phillips.
First, this case concerns a motion to transfer under § 1404(a).
It concerns the proper forum to determine the scope of the
Release.  It does not concern the dismissal of this action, or
any claim, in favor of a foreign forum.  Second, on its face,
the forum selection clause in Phillips was much narrower than
the forum selection clause in this case.  In Phillips, the forum
selection clause was limited to proceedings that "may arise out
of" the contract.  494 F.3d at 382.  In this case, the parties
consented to "the exclusive jurisdiction and venue of the state
or federal court located in Los Angeles County, California, for
any dispute, claim, action[,] or proceeding arising out of or
relating to this [Release]." (Release § 5(a).)  In Phillips
itself, the Court of Appeals noted that the words "arise out of"
should not include claims that only "relate to" the contract.
494 F.3d at 389.  In this case, the parties explicitly included
claims "relating to" the Release.  Thus, there is nothing in
Phillips that could suggest that copyright claims cannot relate
to a contract and be covered by a contractual provision such as

4

the forum selection clause in this case.[1]

Moreover, on this motion, even though the plaintiff renews the argument that the forum selection clause does not apply to his first and second claims based on the alleged post-2007 copyright infringements, he does not and cannot dispute that his third and fourth claims are governed by the forum selection clause in the Release.[2]  These latter two claims are based on the allegation that the Release itself was a product of fraud, (see Am. Compl. ¶¶ 122, 153); thus, they are plainly claims "arising out of or relating to" the Release.  See TecFolks, LLC v. Claimtek Sys., 906 F. Supp. 2d 173, 177 (E.D.N.Y. 2012) (holding that licensee's lawsuit asserting fraud in inducement "relat[ed] to" the contract).  The parties agreed in the Release that those claims must be adjudicated in California.  It would be a plain waste of judicial resources to sever any claims when a "full

---

[1] To a lesser extent, the plaintiff also relies on Corcovado Music Corp. v. Hollis Music, Inc., 981 F.2d 679, 681 (2d Cir. 1993), which was cited in Phillips, 494 F.3d at 391.  The Corvocado case is even less relevant than Phillips because Corvocado addressed the situation in which the plaintiff, who opposed enforcement of the forum selection clause in a contract, was not even a party to that contract and never had any contracts with the defendant.  Corvocado, 981 F.2d at 681-83. The Court of Appeals found that it was error to dismiss the copyright action in favor of pursuing litigation in Brazil. There was no issue with respect to a transfer pursuant to § 1404(a).

[2] The third claim challenges the validity of the Release, and the fourth claim seeks to reinstate pre-2007 copyright claims assuming invalidity of the Release.  (Am. Compl. ¶¶ 122, 153.)

adjudication" of all of the claims would require interpretation of the same Release, as the Court has held in its March 14 ruling. (Tr. of Proceedings on Mar. 14, 2014, at 16-18.) Thus, the public interest factors under 28 U.S.C. § 1404(a), which are the only factors that the Court may consider in a motion to transfer based on a forum selection clause, Atl. Marine Const. Co., v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 582 (2013), weigh decisively in favor of transferring. See JP Morgan Chase Bank, N.A. v. Coleman-Toll Ltd. P'ship, No. 08 Civ. 10571, 2009 WL 1457158, at *9 (S.D.N.Y. May 26, 2009) (granting motion to transfer based on the interests of justice and judicial economy because of separate proceedings being pursued in the transferee forum).

Hence, the plaintiff's arguments do not meet the high standard for granting a motion for reconsideration or demonstrate that the Court was incorrect in any way. Accordingly, the motion for reconsideration is **denied**.


### III.

In the alternative, the plaintiff requests, for the first time in his reply papers, that the Court either certify the Transfer Order and the ruling on this motion for appellate review under 28 U.S.C. § 1292(b), or stay the transfer while the plaintiff seeks a writ of mandamus from the Court of Appeals.

It is well established that arguments raised for the first time on reply need not be considered because the opposing party has not had an opportunity to respond to such arguments.  <u>See</u> <u>Mateo v. Bristow</u>, No. 12 Civ. 5052, 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013); <u>Figueiredo Ferraz Consultoria E</u> <u>Engenharia de Projeto Ltda. v. Republic of Peru</u>, 865 F. Supp. 2d 476, 478 (S.D.N.Y. 2012); <u>Ibok v. Siac-Sector Inc.</u>, No. 05 Civ. 6584, 2011 WL 293757, at *9 n.6 (S.D.N.Y. Jan. 31, 2011), <u>report</u> <u>and recommendation adopted</u>, 2011 WL 979307 (S.D.N.Y. Mar. 14, 2011), <u>aff'd</u>, 470 F. App'x 27 (2d Cir. 2012).

Moreover, the standard for certifying an interlocutory appeal is high: the statute allows certification only if 1) "[the] order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and 2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  In this case, the plaintiff has made no showing that either of these two statutory requirements is met--let alone both.[3]  Thus, the plaintiff cannot satisfy the strict criteria

---

[3] Indeed, it is questionable that a § 1292(b) interlocutory appeal is available at all for reviewing an order to transfer under § 1404(a).  <u>See A. Olinick & Sons v. Dempster Bros., Inc.</u>, 365 F.2d 439, 443 (2d Cir. 1966) ("[Section] 1292(b) is not available as a means to review the grant or denial of § 1404(a) motions for incorrect evaluation of proper factors. . . . Indeed, review of the disposition of the transfer motion may delay a decision on the merits and so defeat the manifest

for certifying an interlocutory appeal.  See Emp'rs Ins. of
Wausau v. News Corp., No. 06 Civ. 1602, 2008 WL 4560687, at *1
(S.D.N.Y. Oct. 6, 2008) (denying leave for interlocutory appeal
of decision ordering transfer because it would "needlessly
prolong" litigation).  Accordingly, the request for
certification is **denied**.

To the extent that the plaintiff wishes to petition for a
writ of mandamus from the Second Circuit Court of Appeals, Local
Rule 83.1 provides that the Clerk of the District Court will
effectuate the transfer upon the expiration of seven days after
the entry of this Order, which would allow the plaintiff the
opportunity to pursue the remedy and seek an appropriate stay
from the Court of Appeals.  See Certain Underwriters at Lloyd's,
London v. ABB Lummus Global, Inc., No. 03 Civ. 7248, 2004 WL
1286806, at *8 (S.D.N.Y. June 10, 2004).  This Court would not
grant any additional stay because the plaintiff has failed to
show that there would be any likelihood of succeeding in any
effort to obtain a writ of mandamus.  Therefore, the request for

---

statutory objective of making litigation quicker and less
expensive."); Totonelly v. Cardiology Assoc's of Corpus Christi,
Inc., 936 F. Supp. 165, 167 (S.D.N.Y. 1996); but see Chapple v.
Levinsky, 961 F.2d 372, 374 (2d Cir. 1992) (per curiam)
(assuming without deciding that § 1292(b) is available for
reviewing a § 1404(a) order, but holding that the district
court's transfer order was not appealable in that case because
no § 1292(b) certification was entered); Red Bull Associates v.
Best W. Int'l, Inc., 862 F.2d 963, 965 (2d Cir. 1988) ("[T]his
appeal [of the district court's § 1404(a) order] was properly
certified to us under 28 U.S.C. § 1292(b).")

stay is **denied.**[4]

CONCLUSION

The plaintiff's motion for reconsideration is **denied.  The Clerk is directed to close Docket No. 32 and to transfer the case to the United States District Court for the Central District of California in accordance with Local Rule 83.1, upon the expiration of seven days after entry of this Order.**

SO ORDERED.

Dated:      New York, New York
            May 5, 2014                        _____/s/_____
                                               **John G. Koeltl
                                               United States District Judge**

---

[4] The plaintiff also requested oral argument on this motion. Oral argument on a motion for reconsideration would be unusual and there is no basis for it in this case.